## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HOME BUILDING SUPPLY, LLC, an | ) | Case No. 09-45136 |
| Illinois limited liability company, | ) | Honorable Jacqueline P. Cox |
| FEIN: 65-1197369 | ) | Hearing Date: December 17, 2009 |
| Debtor. | ) | Hearing Time: 3:00 P.M. |

### FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

**THIS MATTER COMING TO BE HEARD** upon Final Hearing of Debtor's Motion for Entry of Final Order Authorizing Use Of Cash Collateral and Granting Adequate Protection ("Motion") filed by Home Building Supply, LLC, an Illinois company, Debtor and Debtor-in-possession ("Debtor") due and proper notice hereof having been given to all of the Debtor's secured creditors, the U. S. Trustee, and the twenty largest unsecured creditors of the Debtor, as evidenced by the Certificate of Service dated December 4, 2009 filed herein; the Debtor and Lenders (the "Lenders"), having agreed to the entry hereof; the Court having reviewed the Motion, having considered the statements of counsel present, and being otherwise fully advised in the premises; and the Debtor and the Lenders having stipulated and agreed as follows:

A. On November 29, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code) and continues to operate its business and manage its properties as Debtor and Debtor-in-possession (the "Case").

B. No trustee or unsecured creditors' committee (the "Committee") has been appointed in the Case.

C. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein are § 363 of the Code and Rule 4001 of the Bankruptcy Rules.

D. Pre-petition the Debtor granted to Rymsza Properties LLC ("Properties") and Carol Rymsza ("Carol") (collectively, the "Lenders") security interests in substantially all of its assets, including but not limited to accounts, certified securities, chattel paper computer hardware and software, deposit accounts, documents, investment property, general intangibles, goods, intellectual property, instruments security entitlements, letter of credit rights, money, supporting obligations, uncertified securities and books and records to secure certain pre-petition borrowings.[1]

E. The Lenders are willing to allow the Debtor to use their cash collateral on a post petition basis subject to the terms of this Order.

F. On December 4, 2009, the Debtor served notice of Final Hearing upon the United States Trustee, counsel for the Lenders, the twenty largest unsecured creditors of the Debtor and additional parties in interest, as set forth in the Certificate of Service filed with the Court. The Debtor believes that such notice constitutes adequate and sufficient notice under Bankruptcy Rule 4001 and no other notice need be given with respect to the final relief requested herein.

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Debtor's motion is granted

2. The above stipulations and agreements are incorporated herein as if fully set forth.

3. The notice provided by the Debtor of the Motion, the hearing on the Motion, and the entry of this Final Order satisfy the requirements of Fed. R. Bankr. P. 2002, 4001(b) and 9014, and Code §§ 102(1) and 363, and were otherwise sufficient and appropriate under the circumstances.

4. This matter is a "core" proceeding as defined in 28 U.S.C. §157(b)(2).

---

[1] The Precin Company alleges a security interest in the assets of this Estate and therefore claims that it is a Lender within the terms of this order. Carol and Properties dispute The Precin Company claim, but agree that for purposes of this Order, the term "Lenders" shall include The Precin Company. Debtor does not believe that The Precin Company has a valid security interest in

5. Debtor is hereby authorized to use the Cash Collateral in accordance with the terms of this Order and the budget attached hereto, and to provide adequate protection to the Lenders upon the following terms and conditions of this Order as follows:

    a. If the Debtor believes that expenditures in amounts greater than 105% of the amounts reflected in the Budget for one or more line item are necessary, or that different types of expenditures are necessary, the Debtor shall first obtain the written consent of the Lenders in advance of any such expenditure which consent shall be in the Lenders' sole discretion. In the absence of the Lenders consent to any such expenditure, the Debtor shall not pay such expenditure unless the Court, after notice to the Lenders and a hearing, authorizes the Debtor to pay such additional expenditure; and

    b. Debtor shall not use, sell or otherwise dispose of any of the Pre-Petition Collateral as defined below, except as provided herein and in the ordinary course of its business, without further Order of this Court.

6. As adequate protection for (i) the Lenders' security interest in the Cash Collateral, (iii) Debtor's use of the Cash Collateral, and (iii) diminution in the value of the Pre-Petition Lenders' Collateral from and after the Petition Date, the Lenders are hereby granted, as additional security for repayment of the Lender Indebtedness, a post-petition, and continuing and replacement security interest in and liens against all Cash Collateral (the "Replacement Collateral"). Such replacement security interests and liens in the Replacement Collateral, being referred to herein as the "Replacement Liens", which shall be to the same extent and in the same priority as the Lenders' security interests existed on the Petition Date. The Replacement Liens in the Replacement Collateral for the Lenders shall (a) be subject only to non-avoidable, valid, enforceable and perfected liens and security interests in the Debtor's assets existing as of the Petition Date, (b) be senior to any security interest in or lien on the Replacement Collateral which is avoided or otherwise preserved for the benefit of Debtor's estate under Section 551 or any other provision of the Code, and (c) have a priority over (i) any and all administrative expenses of the Debtor's Estate of any kind including those specified in Sections 503(b) and

---

the assets of this Estate.

507(b) of the Code, provided however, that notwithstanding the foregoing or any other provision of this Interim Order or the Loan Documents to the contrary, the Lenders interest in the Replacement Liens and in the Replacement Collateral shall be subject and subordinate to: (x) an amount not to exceed $30,000 (collectively, the "Carveout") which can be used solely for the payment of allowed professional fees and disbursements incurred during the Case by counsel retained by the Debtor with the authority of the Court ("Debtor's Counsel"), provided further that in the event any committee of unsecured creditors is appointed pursuant to Code §1102 in this Case ("Committee") then such $30,000 amount shall be allocated $20,000 for Debtor's Counsel and $10,000 for any counsel to the Committee; provided even further, however, that any portion of Debtor's Counsel's pre-petition retainer that is unused as of the Petition Date shall not be counted against such Carveout; and (y) quarterly fees payable by Debtor pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court during the Case.. The terms and provisions of this paragraph shall survive the termination of this Final Order and shall remain binding on the Debtor, Bank, and on any trustee or other fiduciary subsequently appointed with respect to property of the Debtor's estate[2].

7.    The Replacement Liens in the Replacement Collateral shall be deemed valid and perfected without the execution of documentation or the filing of financing statements without regard to applicable state, federal or local filing and recording statutes which may affect the perfection of liens and security interests on collateral. The Lender in its discretion, may, but shall not be required to take any action to perfect its security interests and liens continued, confirmed or granted under the Loan Documents or pursuant to this Interim Order. The Debtor shall cooperate in the execution of any UCC-1 financing statements and any other documentation

---

[2] In the even that The Precin Company is determined to be the Lender in this case, then The Precin Company does not consent to its Replacement Liens and Replacement Collateral being subject and subordinate to the Carveout.

4

which the Lender reasonably requires to evidence the liens and security interests granted herein. The automatic stay pursuant to Section 362 of the Code is hereby modified to the extent necessary to permit the Lender to file and/or record any financing statements, deeds of trust, mortgages or other instruments and documents, if any, evidencing its liens and security interests in and to the Replacement Collateral.

8. The Debtor shall maintain all insurance coverage requirements pursuant to the Loan Documents with the Lender(s), including, without limitation, identifying the Lender(s) as loss payee under all required policies.

9. Upon reasonable notice by the Lender (which the parties agree shall be 48 hours), the Lender through its authorized agents and representatives shall be granted access to the Debtor's facilities and books and records for purposes of inspection, review, audit, appraisal, evaluation and/or copying.

10. Unless otherwise provided in this Final Order, the relief granted herein shall be without prejudice to the right of the Lenders at any time hereafter to seek additional adequate protection, to seek termination of the automatic stay, or to seek any other relief available to the Lender(s) under the Code. The Debtor reserves the right to object to any such relief sought by the Lender(s).

11. Nothing contained in this Final Order shall require or shall be deemed to require the Lender(s) to make any additional loans to the Debtor, or extend any other financing or financial accommodations to or for the benefit of the Debtor, except as expressly set forth in this Final Order, the Loan Documents, and the Final Order authorizing Debtor in Possession Financing.

12. The provisions of this Final Order shall be binding upon and inure to the benefit of the Lender(s) and the Debtor and their respective successors and assigns.

13. If any or all of the provisions of this Final Order are hereafter modified or vacated by subsequent Order of this or any other court, then, notwithstanding such modification or vacation, any extension of credit, including the use of the Cash Collateral, made pursuant to this Final Order by the Lender(s), prior to such modification or vacation, to or for the benefit of the Debtor, shall be governed in all respects by the original provisions of this Order.

14. Nothing contained in this Final Order shall be construed as consent by the Lender(s) to a claim by any party against the Collateral or proceeds of the Collateral pursuant to Section 506(c) of the Code.

15. Except as expressly set forth herein: (a) the Loan Documents shall remain in full force and effect in accordance with their respective terms; and (b) nothing contained in this order shall: (i) modify or alter any of the terms or provisions in the Loan Documents in any manner whatsoever; (ii) cure, waive, release or postpone any defaults now or hereafter existing under the Loan Documents; (iii) establish a custom between any of the parties hereto; or (iv) in any way waive, limit, or condition the rights or remedies of the Lender(s) under the Loan Documents.

16. This Final Order shall be effective, nunc pro tunc as of December 17, 2009.

17. To the extent that any of the Cash Collateral used by the Debtor for purposes not permitted by this Order or the purposes permitted by subsequent Court Order or consent of the Lender, the Lender shall have an allowed claim therefore, which claim shall have priority over all other administrative expenses allowable under Code §507(b). The foregoing is without prejudice to any other claim that the Lender(s) may have under Code §507(b) arising under the circumstances contemplated by Code §507(b).

18. Nothing herein contained prejudices, impairs or otherwise affects the rights of the Lender or any other party in interest to seek: (i) the appointment of a trustee under Code §1104, (ii) relief from the automatic stay under Code §362(d), (iii) relief in the event the Debtor has

heretofore used or hereafter uses the Cash Collateral in any manner other than that which is authorized by this Order, (iv) dismissal or conversion of the Case under Code § 1112, or (v) any other appropriate relief. Nothing contained in this Order constitutes a finding or other determination with respect to the adequacy of the protection of the interest of the Lender(s) and the Lender(s) has the right to seek further and additional adequate protection.

19. If the Case is dismissed, converted or otherwise superseded, neither such action nor the entry of this Final Order shall affect the Lender's rights and remedies under the Loan Documents, all of which rights and remedies shall remain in full force and effect in accordance with applicable law and are hereby expressly preserved. Furthermore, the Debtor's right to use the Cash Collateral shall immediately cease upon the entry of an Order dismissing or converting this Case or appointing a trustee in this Case.

20. This Final Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement

DATE: 1/19/2010

ENTER:

J.Cox  Jacqueline P. Cox
United States Bankruptcy Judge

Prepared by:

| Deborah K. Ebner (ARDC No. 61816159) | Paula K. Jacobi |
| Law Office of Deborah K. Ebner | Deborah L. Thorne |
| 11 East Adams Street | Brett H. Pyrdek |
| Suite 904 | Barnes & Thornburg, LLP |
| Chicago, Illinois 60603 | One North Wacker Drive, Suite 4400 |
| (312) 922-3838 | Chicago, Illinois 60606 |
| | (312) 357-1313 |

|                              | 11/30/2009 | 12/16/2009   |
|------------------------------|-----------:|-------------:|
| petty cash                   | 600.00     | 1,786.00     |
| cash in bank                 | 10,675.09  | 25,400.87 (1)|
| accounts receivable          |            |              |
| accounts receivable aging    | 67,678.85  | 41,858.61 (2)|
| Total cash and cash equivalents | 78,953.94 | 69,005.48 |

next 30 day operating expenses

| | | |
|---|---:|---|
| salaries | 7,480.00 | |
| commissions | 13,825.25 | |
| freight out | 1,950.00 | delivery driver/helper |
| truck lease | 1,200.00 | |
| truck expenses | 250.00 | gas tolls ect |
| advertising | 456.52 | phone book contract( 2nd payment) |
| office expenses | 180.00 | bus license |
| rent | 0.00 | |
| insurance | 1,200.00 | Hartford |
| employee welfare | 2,550.00 | health insurance |
| automobile expenses | 1,200.00 | |
| telephone | 1,500.00 | sprint, cbeyond |
| utilities Deposits | 500.00 | |
| utilities | 1,500.00 | gas, electric |
| maintenance | 650.00 | alarm monitoring, cleaning, trash |
| warranty service | 0.00 | |
| Accountant(Motion Pending) | 700.00 | |
| Lien recording services | 550.00 | |
| depreciation | 0.00 | |
| payroll taxes | 1,491.37 | |
| bad debts | 0.00 | |
| miscellaneous expenses | 0.00 | |
| interest expense | 0.00 | |
| meals entertainment | 600.00 | |
| donations | 0.00 | |
| dues & subscriptions | 0.00 | |
| pension contributions | 639.16 | |
| impairment of goodwill | 0.00 | |
| partner guaranteed payments | 0.00 | |
| Christmas Bonus for non insider employee | 1,200.00 | |
| 20 DAY VENDORS | 54,061.28 | |
| Advanced payment requirements | 2,500.00 | |
| Estimated Advanced pmt req | 15,000.00 | |
| sales tax payable | 8,306.00 | |
| | 119,489.58 (3) | |

Funding Required (deficit)     (50,484.10)

(1) Includes deposits for customer orders
(2) Receivables over 90 days deemed uncollectible and are not included. Receivables over 120 days are deemed uncollectible and are not included
(3) These are actual known expenses. There is no allocation for unknown expenses.